IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN ADMIRALTY

In the matter of the Complaint of
BACKCOUNTRY OUTFITTERS, INC., a Florida
corporation, as owner of a 2002 22' Cape Horn
motor vessel named Backcountry bearing
Hull Identification No. FAB22047E202, for Exoneration
from or Limitation of Liability,

                               Petitioner,

                                                                                  Case No. 3:06cv234/MCR/MD

**LARRY MCFERREN,**

                               Claimant,

vs.

**BACKCOUNTRY OUTFITTERS, INC., et al.,**

                               Petitioner/Defendant.
_____/

## O R D E R

This matter is before the court on the parties' cross motions to tax costs. As explained below, the court GRANTS the motion of Petitioner/Defendant Backcountry Outfitters, Inc. ("Backcountry") and DENIES the motion of Claimant Larry McFerren ("McFerren").[1]

---

[1] The parties' motions may be found at Docket Entries ## 64 and 67. Each party has also submitted a bill of costs. (Docs. 65, 66). Neither objects to any specific request of the other, although McFerren has filed a memorandum of law opposing Backcountry's motion (doc. 68), and Backcountry has filed a reply in support of its motion (doc. 71). Backcountry also recently filed a notice advising the court of the number of days that have passed since it filed its motion to tax costs. (Doc. 83). In responding, McFerren observes, correctly, that the notice is effectively nothing more than an unnecessary request to the court to "'hurry up.'" (Doc. 84). As noted below, on appeal the Eleventh Circuit did not issue its mandate affirming judgment in Backcountry's favor until October 27, 2008. Consideration of the pending motions to tax costs in this case therefore is timely, as this court customarily does not address such motions until appellate review has been concluded.

Following a bench trial, the court entered its findings of fact and conclusions of law in a February 22, 2008, order denying in part and granting in part Backcountry's petition for exoneration from or limitation of liability in connection with the November 7, 2005, boating accident at issue in this case. The clerk entered judgment the same date, which, consistent with the court's order, in relevant part provides:

> The petition for exoneration from liability is DENIED. The petition for limitation of liability is GRANTED in favor of Backcountry Outfitters, Inc., and is limited to the $25,000 stipulated post-casualty value, plus interest, of the 2002 22' Cape Horn motor vessel known as <u>Backcountry</u> that bears hull identification No. FAB22047E202.
>
> McFerren, as the sole claimant in this case, is entitled to disbursement of the entire limitation fund, upon application.

Doc. 56.

McFerren appealed the court's February 22, 2008, order and judgment to the United States Court of Appeals for the Eleventh Circuit, which on September 26, 2008, affirmed the judgment of limitation of liability in Backcountry's favor. See Eleventh Circuit's mandate, issued October 27, 2008, at doc. 81. The parties' motions to tax costs, which were filed shortly after the appeal was taken, therefore are now ripe for this court's review.

Federal Rule of Civil Procedure 54(d) provides "that costs shall be allowed as a matter of course to the prevailing party." Additionally, 28 U.S.C. § 1920 specifies which costs may be properly taxed against the nonprevailing party. Backcountry claims that by virtue of the court's judgment entered in this case it is the prevailing party and therefore is entitled to costs; on the same logic McFerren makes a similar argument.

The Supreme Court has noted that "a 'prevailing party' is one who has been awarded some relief by the court . . . ." *Buckhannon Bd. and Care Home, Inc. v. West Virginia*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In this case, it is true that McFerren indeed has been awarded some relief, *i.e.*, disbursement of the limitation fund. Nevertheless, despite McFerren's receiving this limited relief, the court finds that Backcountry is the prevailing party for purposes of 28 U.S.C. § 1920 and Fed.R.Civ.P. 54. The determination of whether a party has prevailed has been described as "a clear, mechanical one; when a judgment is entered in favor of a party, it is the prevailing party."

*Allianz Versicherungs, AG v. Profreight Brokers, Inc.*, 99 Fed.Appx. 10, 13 (5th Cir. 2004), citing *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1988), and 10 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 54.101[3] (3d ed. 1998) (commenting that "the prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case."). Here, because judgment was entered in favor of Backcountry on its request for limitation of liability—which judgment the Eleventh Circuit affirmed—the court finds that Backcountry, rather than McFerren, is the prevailing party and therefore entitled to an award of costs under 28 U.S.C. § 1920 and Fed.R.Civ.P. 54.[2]

Accordingly, it is ORDERED:

1. Claimant Larry McFerren's motion to tax costs (doc. 67) is DENIED.

2. Petitioner/Defendant Backcountry Outfitters, Inc.'s motion to tax costs (doc. 64) is GRANTED.

3. This matter is referred to the Clerk of Court for further proceedings consistent with the court's rulings.

**DONE and ORDERED** this 12th day of November, 2008.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2] McFerren argues that even if Backcountry is found to be the prevailing party, the court may exercise its discretion to deny the taxation of costs in light of the equities involved in this case. According to McFerren, his costs to prosecute this action exceed $30,000, which is far more than the $25,000 he has been awarded under the judgment directing disbursement of the limitation fund. Having to pay Backcountry costs as well, McFerren submits, would unfairly subject him to additional expense, particularly because it was the negligence of Backcountry's captain which caused his injuries. (Doc. 68).

The court recognizes the seeming harshness or incongruity of a result in which a party is found to have been injured through the negligence of another yet receives less compensation for his injuries than it cost him to litigate the case. Nonetheless, the court also observes that McFerren should have realized this outcome was possible, given the nature of these exoneration/limitation proceedings (including the limited amount of funds available for recovery should Backcountry's petition be granted, even in part), as well as the commendably thorough (and, accordingly, costly) presentation made by his counsel on his behalf. For these reasons, although the court has some sympathy for McFerren's position, it cannot conclude that a proper exercise of its discretion permits denying Backcountry's request for costs.